IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TIMOTHY GUNN                                                                    PLAINTIFF

V.                                                                    CASE NO. 2:09CV114

CITY OF CLEVELAND
CHIEF BUSTER BINGHAM
BRYAN GOZA
GARY GALLOWAY
GREG PERKINS
GEORGE SERIO                                                                    DEFENDANT

## ORDER

This cause comes before the court on the motion of defendants, City of Cleveland, Chief Buster Bingham, Bryan Goza, Gary Galloway, Greg Perkins, and George Serio, for summary judgment. In deciding this motion the court also takes up the emergency motion of plaintiff, Timothy Gunn, for a stay to allow for discovery.

Gunn filed suit against the defendants following a jury finding that he was not guilty of a 2008 burglary. His suit makes the following claims: a Cleveland woman complained of a robbery on August 9, 2008. On August 22, 2008 Gunn was arrested and charged with that burglary. The complainant could not identify Gunn in a lineup. The complainant testified at trial that Gunn was not the perpetrator. Defendant police officers Goza, Serio, Perkins, and Galloway, testified in support of the prosecution. At the conclusion of the proof a jury found Gunn not guilty.

Affidavits and court records produced by the defendants show that on August 9, 2008 Goza observed an individual, later identified as Gunn, riding a bicycle and carrying a trash bag as

he appeared from behind a residence at Fourth and Court in Cleveland. Gunn was wearing a white muscle shirt, blue jeans, and a red baseball cap at this time. Goza called the police and gave a statement regarding the incident.

Later that day Galloway, Goza, and other officers responded to a burglary at 104 N. Fourth Avenue in Cleveland. The owner of the property confronted a burglar, but was too frightened to identify him. During this confrontation the burglar dropped a trash bag filled with stolen property. Galloway took fingerprints from these items which were later matched to Gunn.

Within thirty minutes of the reported burglary Perkins observed Gunn riding a bicycle wearing a white muscle shirt and blue jeans, and carrying a red baseball cap. This information was presented to a judge and a warrant was issued for Gunn's arrest.

Gunn alleges the actions of the defendants constituted a failure in hiring, monitoring, training and supervising the officers involved in this incident, a violation of his due process and equal protection rights, intentional and negligent infliction of emotional distress, assault and battery, malicious prosecution, and false imprisonment.

Defendants now move the court for a grant of summary judgment. Gunn argues summary judgment at this time is inappropriate because no discovery has yet been undertaken. The court agrees that the normal summary judgment process requires some opportunity for discovery. However, defendants have raised the issue of qualified immunity.

The privilege of qualified immunity shields a government official from civil liability for damages based upon the performance of discretionary functions if a reasonable official would not have known those acts violated clearly established constitutional or statutory law. *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006). The privilege is immunity from suit rather than a mere defense to liability, and as such the Supreme Court has "repeatedly . . . stressed the

importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991).

The test to determine if qualified immunity exist is "(1) whether the plaintiff has alleged a violation of a clearly established statutory or constitutional right; and, (2) if so, whether the defendant's conduct was objectively unreasonable in the light of . . . clearly established law at the time of the incident."[1] *Hare v. City of Corinth, Mississippi* (*Hare VI*), 135 F.3d 320, 325 (5th Cir. 1998) (citing *Colston v. Barnhart*, 130 F.3d 96, 99 (5th Cir. 1997)).

Based on the above law, it is appropriate for the court to decide the qualified immunity question at this time. However, it is impossible to accurately decide these issues as they have not been briefed by Gunn. The court therefore orders Gunn to brief the qualified immunity issues in this matter within ten days of the entry of this order. That briefing is necessary for the court to make a reasoned decision in this matter. Gunn is free to raise any relevant arguments including one that discovery is necessary. However, such an argument must be supported by facts and not simply the conclusory statements contained in the current filings.

The court DENIES Gunn's motion [16] to stay. The court reserves ruling on the defendants' motion for summary judgment.

This the 8th day of July, 2010.

                                          **/s/ MICHAEL P. MILLS**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**
                                          **NORTHERN DISTRICT OF MISSISSIPPI**

---

[1] The Supreme Court recently eliminated the requirement that the test must be applied in formulaic order. Pearson v. Callahan, 129 S.Ct. 808, 818 (2009).