**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**TIMOTHY GUNN**                                                                         **PLAINTIFF**

**V.**                                                                             **CASE NO. 2:09CV114**

**CITY OF CLEVELAND
CHIEF BUSTER BINGHAM
BRYAN GOZA
GARY GALLOWAY
GREG PERKINS
GEORGE SERIO**                                                      **DEFENDANTS**

## MEMORANDUM OPINION

This cause comes before the court on the motion **[3]** of Defendants, City of Cleveland, Chief Buster Bingham, Bryan Goza, Gary Galloway, Greg Perkins, and George Serio, for summary judgment.

Plaintiff Timothy Gunn filed suit against the defendants following a jury finding that he was not guilty of a 2008 burglary. Plaintiff's complaint alleges that on August 9, 2008 a Cleveland woman reported a robbery. Gunn was arrested on August 22, 2008 and charged with the burglary. The complainant could not identify Gunn in a lineup. The complainant later testified at trial that Gunn was not the perpetrator. Defendant police officers Goza, Serio, Perkins, and Galloway, testified in support of the prosecution. A jury found Gunn not guilty at the conclusion of proof.

Affidavits and court records reveal that on August 9, 2008 Goza observed an individual, later identified as Gunn, riding a bicycle and carrying a trash bag as he appeared from behind a residence at Fourth and Court in Cleveland.

Galloway, Goza, and other officers responded to a burglary at 104 N. Fourth Avenue in Cleveland later that day. The owner of the property confronted a burglar, but was too frightened to identify him. The burglar dropped a trash bag filled with stolen property during the confrontation and rode away on a bicycle. Galloway took fingerprints from the items which were later matched to Gunn.

Within thirty minutes of the reported burglary Perkins observed Gunn riding a bicycle wearing a white muscle shirt and blue jeans, and carrying a red baseball cap. This information was presented to a judge and a warrant was issued for Gunn's arrest.

Gunn alleges the actions of the defendants constituted a failure in hiring, monitoring, training and supervising the officers involved in this incident, intentional and negligent infliction of emotional distress, assault and battery, malicious prosecution, and false imprisonment. Plaintiff included in his complaint a violation of his due process rights, equal protection rights, and his civil rights under federal laws. Plaintiff now specifies these federal laws as being the Fourth and Fourteenth Amendments based on his alleged false arrest. Count one of the complaint seeks an injunction prohibiting future conduct by Defendants of similar character, kind or nature.

Defendants moved for summary judgment and raised the issue of qualified immunity. This court ordered Plaintiff to demonstrate why immunity is inapplicable so that a reasoned decision regarding summary judgment could be made. Both parties submitted memorandums on the issue.

The privilege of qualified immunity shields a government official from civil liability for damages based upon the performance of discretionary functions if a reasonable official would not

2

have known those acts violated clearly established constitutional or statutory law. *Easter v. Powell*, 467 F.3d 459, 462 (5th Cir. 2006). The privilege is immunity from suit rather than a mere defense to liability, and as such the Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 116 L. Ed.2d 589 (1991).

The test to determine if qualified immunity exists is "(1) whether the plaintiff has alleged a violation of a clearly established statutory or constitutional right; and, (2) if so, whether the defendant's conduct was objectively unreasonable in the light of . . . clearly established law at the time of the incident." *Hare v. City of Corinth, Mississippi* (*Hare VI*), 135 F.3d 320, 325 (5th Cir. 1998) (citing *Colston v. Barnhart*, 130 F.3d 96, 99 (5th Cir. 1997)). This court is not required to apply the test in formulaic order. *Pearson v. Callahan*, 129 S. Ct. 808, 818, 172 L. Ed.2d 565 (2009).

Plaintiff alleges that Defendants falsely arrested him in violation of his Fourth and Fourteenth Amendment rights. "This is a clearly established constitutional right." *Sorenson v. Ferrie*, 134 F.3d 325, 328 (5th Cir. 1998).

Whether an arrest is illegal "hinges on the absence of probable cause." *Baker v. McCollan*, 443 U.S. 137, 144-45, 99 S. Ct. 2689, 61 L. Ed.2d 433 (1979). Gunn's prior crimes and acts are irrelevant to the case at bar and have no bearing on whether he was falsely arrested. Fed. R. Evid. 404(b). Similarly, a jury's not guilty verdict does not establish that officers lacked probable cause in seeking an arrest warrant for the burglary offense. "The Constitution does not guarantee that only the guilty will be arrested, for [i]f it did . . . § 1983 would provide a cause of action for every defendant acquitted - indeed, for every suspect released." *Sanchez v. Swyden*,

3

139 F.3d 464, 468 (5th Cir. 1998) (citing *Baker v. McCollan*, 433 U.S. 137, 145, 99 S. Ct. 2689, 61 L. Ed.2d 433 (1979) (internal quotations omitted)).

Plaintiff points to several facts in an attempt to show that officers lacked probable cause at the time of his arrest. First, the complainant described the burglar as having dreadlocks, while Gunn was bald at the time of the alleged offense. Second, that the burglary victim did not identify Gunn in a lineup and later testified Gunn was not the perpetrator. Plaintiff argues these discrepancies establishes that Defendants lacked probable cause in arresting Gunn on burglary charges.

However, Gunn had been seen in the area of the burglary riding a bicycle and carrying a garbage bag, which the complainant later reported as being dropped by the burglar who rode away on a bicycle. Gunn's arrest did not occur until after his fingerprints were found on the attempted stolen property and a warrant was issued by a municipal judge. Certainly, fingerprints matching Gunn's located on the garbage bag containing the stolen items gave officers probable cause to obtain a warrant and arrest Gunn.

Further, the arresting officer is not a party to this suit. The Defendant Officers merely reported their observations and investigatory findings and presented the information to a judge. This information did lead to a warrant for Gunn's arrest, but was issued by an neutral and detached judge who determined the warrant was based on probable cause given the totality of the circumstances. Officers then later testified at trial regarding their personal observations. These actions were not objectively unreasonable.

Based on the foregoing, Officers Galloway, Perkins, Goza, and Sergio will be afforded immunity on Gunn's Fourth and Fourteenth Amendment claims.

Plaintiff further alleges that the Defendant Bingham is not shielded by qualified immunity in his official capacity due to a failure to hire, train, and supervise. Gunn provides no facts supporting this claim. Conclusory allegations, improbable inferences and unsubstantiated assertions are inadequate to overcome summary judgment. *Little v. Liquid Air Corp.*, 37 F. 3d 1069, 1075 (5th Cir. 1994) (en banc).

Plaintiff argues Bingham should not be afforded immunity in his official capacity due to the actions of his employee officers. However, this court finds that the officers did not act with reckless disregard in reporting observations and evidence to a judge. Bingham and the City of Cleveland Police Department are not liable in a representative capacity, as no violation occurred. Further, Chief Bingham did not arrest Gunn and is not liable to Gunn is his individual capacity.

Plaintiff contends that his state law claims of malicious prosecution and intentional infliction of emotional distress are viable and that Defendants are not entitled to immunity. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986). An issue of material fact is genuine if a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). In reviewing the evidence, this Court must draw all reasonable inferences in favor of the nonmoving party, and avoid credibility determinations and weighing of the evidence. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 2110, 147 L. Ed.2d 105 (2000). In so doing, the Court must disregard all evidence favorable to the moving party that the

5

jury is not required to believe. *Reeves*, 530 U.S. at 151, 120 S. Ct. at 2110.

Generally, Fed. R. Civ. P. 56 does not require any discovery prior to a grant of summary judgment. *Barnes v. First Franklin Finance Corp.*, 313 F. Supp. 2d 634, 636-37 (S.D. Miss 2004). A request for a continuance to conduct discovery before responding to a motion for summary judgment is governed by Fed. R. Civ. P. 56(f). The rule provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). Under Rule 56(f), a movant must demonstrate (1) why the movant needs additional discovery; and (2) how the additional discovery will likely create a genuine issue of material fact. *Krim v. BancTexas Group, Inc.*, 989 F. 2d 1435, 1452 (5th Cir. 1993). Further, a party seeking additional discovery under Rule 56(f) must demonstrate to the court with reasonable specificity how the requested discovery pertains to the pending motion. *Enplanar Inc. v. Marsh*, 11 F. 3d 1284, 1291-92 (5th Cir. 1994). A continuance to conduct discovery will not be granted upon mere vague assertions that the additional discovery will produce needed facts. *See Addison v. Allstate Ins. Co.*, 97 F.Supp. 2d 771, 774-75 (S.D. Miss. 2000) (quoting *Krim*, 989 F. 2d at 1442).

Plaintiff has failed to assert any additional specific facts needed to prove his claims that he could obtain through discovery. He simply claims to have a lack of sufficient information to locate all potential witnesses. However, Gunn has statements from these witnesses through affidavits and court documents, which the court has taken as true. Further discovery is not necessary in this case.

A plaintiff may establish a claim for malicious prosecution by showing (1) an institution of a criminal judicial proceeding; (2) by, or at the insistence of the defendants; (3) the termination of such proceeding in plaintiff's favor; (4) malice in instituting the proceeding; (5) want of probable cause for the proceedings; and (6) the suffering of damages as a result of the action of prosecution. *Page v. Wiggins*, 595 So. 2d 1291, 1292 (Miss. 1992). Obviously, there was institution of criminal proceedings against Gunn by, or at the instance of, Defendant Officers who executed affidavits against Gunn, and the termination of such proceedings were in Gunn's favor. However, Plaintiff has failed to establish malice. Malice refers to a defendant's objective and can be inferred from the fact that a defendant may have acted with reckless disregard for the plaintiff's rights. *Strong v. Nicholson*, 580 So. 2d 1288, 1293 (Miss. 1991) (citing *Benjamin v. Hooper Electronic Supply Co., Inc*, 568 So. 2d 1182, 1191 (Miss. 1990)). Plaintiff cannot establish that the prosecution against him was "instituted primarily for a purpose other than that of bringing an offender to justice." *Owens v. Kroger Co.*, 430 So. 2d 843, 847 (Miss. 1983). Further, Plaintiff has failed to establish a lack of probable cause, as discussed above. Thus, Gunn's claim for malicious prosecution fails and summary judgment will be granted on this issue.

Intentional infliction of emotional distress must be proven by "malicious intentional or outrageous" conduct by the defendant. *Morgan v. Greenwaldt*, 786 So. 2d 1037, 1044 (Miss. 2001) (citing *Adams v. U.S. Homecrafters, Inc.*, 744 So. 2d 736, 742 (Miss. 1999). Plaintiff must also prove that the emotional distress he allegedly suffered was a reasonably foreseeable result of the defendant's conduct. *Id*. Plaintiff has failed to allege that Defendants conduct rose to the level of being malicious, intentional or outrageous, as they simply reported the conduct they

7

witnessed and the results that the fingerprint analysis yielded. Plaintiff's asserted source of his emotional distress is his "wrongful arrest." Defendants could have reasonably foreseen that a warrant would be issued based on the information given to a judge, but certainly not that a wrongful arrest might later take place. In fact, a false arrest did not occur. Plaintiff must then have alleged some type of physical injury to still prevail on his claim, which he has failed to do. Thus, Plaintiff's claim for intentional infliction of emotional distress will be dismissed.

Plaintiff does not present arguments as to why his civil conspiracy, negligent infliction of emotional distress, assault and battery claims should be viable or why Defendants should not be afforded qualified immunity, as ordered to do so by this court. However, a government entity and its employees shall not be liable for any claim arising out of any act performed while executing duties related to police protection unless the employee acted in reckless disregard. Miss. Code Ann. § 11-46-9(1)(c). The court has established that Defendants' actions did not give rise to this level and thus will be afforded official immunity on Plaintiff's state law claims.

These claims would not prevail on summary judgment even if Defendants were not shielded by official immunity under state law.

The elements of a civil conspiracy are (1) two or more persons or corporations; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of actions; (4) one or more unlawful overt acts; and (5) damages as the proximate result. *Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So. 2d 777, 785 (Miss. 2004). Plaintiff fails to prove a meeting of the minds, or agreement commit a false arrest, and more importantly cannot show unlawful overt acts. Thus, summary judgment will be granted on this claim.

To prevail on a claim for negligent infliction of emotional distress a plaintiff must show a

8

"physical manifestation of injury or demonstrable physical harm." *Wilson v. General Motors Acceptance Corp.*, 883 So. 2d 56, 65 (¶ 29) (Miss. 2004) (citing *American Bankers' Ins. Co. of Fla. v. Wells*, 819 So. 2d 1196, 1209 (¶ 43) (Miss. 2001)). Plaintiff has not alleged such an injury, as discussed above. The court will dismiss this claim.

The intentional tort of assault is committed "where a person (1) acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such contact, and (2) the other is thereby put in such imminent apprehension." *Webb v. Jackson*, 583 So. 2d 946, 951 (Miss. 1991) (citing *Restatement (Second) of Torts* § 21 (1965)). "A battery goes one step beyond an assault in that a harmful contact actually occurs." *Id*. In the case at bar, Plaintiff was arrested by an officer not named in this suit. Thus, no Defendant had physical contact with the Plaintiff nor put him in apprehension of it. The court will grant summary judgment as to Plaintiff's claims of assault and battery.

Plaintiff further requests an injunction against Defendants' future conduct of a similar character, kind or nature. To prevail, "[t]he plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *City of Los Angeles v. Lyons*, 461 U.S. 94, 101-02, 103 S. Ct. 1660, L. Ed. (1983) (internal quotations omitted). Gunn's claim is merely based upon the anticipation of future arrests or harassment. He simply cannot show a likelihood of substantial and immediate future harm, and thus there is no threatened irreparable harm to warrant equitable relief. *O'Shea v. Littleton*, 414 U.S. 488, 496, 94 S. Ct. 669, 38 L. Ed.2d 674 (1974). The court finds Gunn is not entitled to this kind of relief.

9

Based on the foregoing, Defendants' motion **[3]** is **GRANTED.**

This the 9th day of November, 2010.

                                       **/s/ MICHAEL P. MILLS**
                                       **CHIEF JUDGE**
                                       **UNITED STATES DISTRICT COURT**
                                       **NORTHERN DISTRICT OF MISSISSIPPI**