**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION**

**TIMOTHY GUNN**                                                                         **PLAINTIFF**

**V.**                                                                      **CASE NO. 2:09CV114**

**CITY OF CLEVELAND
CHIEF BUSTER BINGHAM
BRYAN GOZA
GARY GALLOWAY
GREG PERKINS
GEORGE SERIO**                                                       **DEFENDANTS**

## **MEMORANDUM OPINION**

This cause comes before the court on the motion **[27]** of Plaintiff Timothy Gunn to reconsider this court's grant of summary judgment in favor of the Defendants City of Cleveland, Chief Buster Bingham, Bryan Goza, Gary Galloway, Greg Perkins, and George Serio.

Plaintiff Timothy Gunn filed suit against the defendants following a jury finding that he was not guilty of a 2008 burglary. Plaintiff's complaint alleges that on August 9, 2008 a Cleveland woman reported a robbery. Gunn was arrested on August 22, 2008 and charged with the burglary. The complainant could not identify Gunn in a lineup. The complainant later testified at trial that Gunn was not the perpetrator. Defendant police officers Goza, Serio, Perkins, and Galloway, testified in support of the prosecution. A jury found Gunn not guilty at the conclusion of proof.

Affidavits and court records reveal that on August 9, 2008 Goza observed an individual riding a bicycle and carrying a trash bag as he appeared from behind a residence at Fourth and Court in Cleveland.

Galloway, Goza, and other officers responded to a burglary at 104 N. Fourth Avenue in Cleveland later that day. The owner of the property confronted a burglar, but was allegedly too frightened to identify him. The burglar dropped a trash bag filled with stolen property during the confrontation and rode away on a bicycle. Galloway claims that he took fingerprints from the items which were later matched to Gunn.

Within thirty minutes of the reported burglary Perkins observed Gunn riding a bicycle wearing a white muscle shirt and blue jeans, and carrying a red baseball cap. This information was presented to a judge and a warrant was issued for Gunn's arrest.

On November 9, 2010 this court granted Defendants' motion for summary judgment and dismissed the suit. The next day Plaintiff's attorney withdrew his representation. Plaintiff then filed the instant motion *pro se*.

In support of his motion, Gunn submits a faxed copy of the certified Mississippi Crime Laboratory report, and a faxed copy of the Cleveland Police Department offense/incident report. The laboratory report states that two latent fingerprints were found, each noted as having been lifted from the "Pine-All" purpose cleaner container. These fingerprints were identified as the left thumb prints of Timothy Gunn. The offense report lists the items recovered from the burglary. Various cleaners are listed, but a Pine-All container is not among them.[1] Gunn argues that this discrepancy warrants reconsideration of this court's dismissal of his federal and state law claims.

While the Federal Rules of Civil Procedure do not specifically provide for a motion for

---

[1] The cleaning supplies recovered include Brawn disinfectant, Clorox bleach, and Mean Green spray cleaner.

2

reconsideration, the Fifth Circuit has held that such a motion may be entertained by a court and should be treated either as a motion to "alter or amend" pursuant to Rule 59(e) or a motion from "relief from judgment" pursuant to Rule 60(b). *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). Specifically, if the motion for reconsideration is filed and served within twenty eight days of the rendition of judgment, the motion falls under Rule 59(e), and if it is filed and served after that time, it falls under the more stringent Rule 60(b). *Teal*, 933 F.2d at 347.[2]

Under Rule 59(e), there are three possible grounds for granting a motion for reconsideration: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the need to correct a clear error of law or prevent manifest injustice. *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990).

Plaintiff's motion alleges that evidence exists that was not previously made available to the court. Gunn specifically submits an exhaustive list of items recovered from the burglary. Previously before the court was an exhibit containing merely a summary of evidence presented at Gunn's state court criminal trial. This list states that discovery included an "evidence submission form" and a "crime lab report," but does not provide the information contained in the reports.

Defendants claim that Gunn has not submitted newly discovered evidence since the information was produced during the discovery phase of the underlying criminal trial. However, Gunn's criminal trial was never before this court. In fact, the court does not have the complete trial record from the trial. This court has been presented with evidence solely from exhibits to motions in Gunn's civil action.

The court concludes that the evidence submitted by Gunn has not previously been before

---

[2]There is no dispute that Plaintiff's motion meets the requirements for consideration under Rule 59(e).

3

it.

Defendants next argue that Plaintiff's evidence includes an unauthenticated copy of a crime lab submission. Gunn's exhibit is a facsimile of the certified report that was signed by a forensic scientist as well as the requesting officer. Defendants do not provide an authenticated copy that differs from Gunn's exhibit. Thus, there is no indication that the matter in question is not what its proponent claims. Fed. R. Evid. 901. Further, Gunn is a *pro se* litigant and as such, should be afforded leeway with the intricacies of procedural requirements at this stage in litigation.

The court then considers the effect of this new evidence on Gunn's claims.

This court previously determined that Officers Galloway, Perkins, Goza, and Sergio will be afforded immunity on Gunn's Fourth and Fourteenth Amendment claims.

The other evidence establishing probable cause is inconclusive at best. There is a dispute of material fact whether Gunn was attending a party rather than burglarizing the house. Further, Gunn argues that he did not meet the description provided by the complainant. In fact, the complainant did not pick him out of a lineup, and later testified at trial that Gunn was not the perpetrator. The evidence that this court relied on in determining sufficient probable cause was that Gunn's fingerprints were found on items recovered from the burglary.

This court previously noted that Gunn's arrest did not occur until after his fingerprints were found on the attempted stolen property and a warrant was issued by a municipal judge. The court then determined that fingerprints on the stolen property gave officers probable cause. Gunn has submitted evidence not previously made available to the court that his fingerprints may not have been found on the stolen items.

The test to determine if qualified immunity exists is "(1) whether the plaintiff has alleged a violation of a clearly established statutory or constitutional right; and, (2) if so, whether the defendant's conduct was objectively unreasonable in the light of . . . clearly established law at the time of the incident." *Hare v. City of Corinth, Mississippi* (*Hare VI*), 135 F.3d 320, 325 (5th Cir. 1998) (citing *Colston v. Barnhart*, 130 F.3d 96, 99 (5th Cir. 1997)). This court is not required to apply the test in formulaic order. *Pearson v. Callahan*, 129 S. Ct. 808, 818, 172 L. Ed.2d 565 (2009). The court previously determined Gunn's alleges a violation of a clearly established right. Whether an arrest is illegal "hinges on the absence of probable cause." *Baker v. McCollan*, 443 U.S. 137, 144-45, 99 S. Ct. 2689, 61 L. Ed.2d 433 (1979). This new evidence suggests that the Defendant officers may not have acted reasonable in light of clearly established law. There is sufficient evidence that the fingerprint analysis was inaccurate, and possibly forged. Officers arguably did not have probable cause to arrest Gunn without a positive fingerprint identification from items actually recovered from the scene. Defendants may certainly submit evidence that the exclusion of the Pine-All container from the report was done in error, but have failed to do so thus far. Defendant officers will be denied qualified immunity at this juncture.

Given this ruling, Gunn's claim against Chief Bingham in his official capacity is not viable. However, the court still finds that Bingham is not liable in his individual capacity.

Gunn provides no new evidence related to his claim of due to a failure to hire, train, and supervise against Defendant Bingham. Gunn previously presented no facts in support of this cause of action. The court's ruling on this claim shall stand.

This court also previously granted summary judgment on Gunn's state law claims of malicious prosecution and intentional infliction of emotional distress. A plaintiff may establish a

5

claim for malicious prosecution by showing (1) an institution of a criminal judicial proceeding; (2) by, or at the insistence of the defendants; (3) the termination of such proceeding in plaintiff's favor; (4) malice in instituting the proceeding; (5) want of probable cause for the proceedings; and (6) the suffering of damages as a result of the action of prosecution. *Page v. Wiggins*, 595 So. 2d 1291, 1292 (Miss. 1992). The factual dispute described is enough to create a genuine issue of material fact related to Gunn's state law claim of malicious prosecution. Defendants have presented no explanation for the discrepancy in the fingerprint analysis. In light of this new evidence, there is a substantial question for the jury whether probable cause exists, and if not, if the defendants instituted the proceeding out of malice as Gunn alleges.

Intentional infliction of emotional distress must be proven by "malicious intentional or outrageous" conduct by the defendant. *Morgan v. Greenwaldt*, 786 So. 2d 1037, 1044 (Miss. 2001) (citing *Adams v. U.S. Homecrafters, Inc.*, 744 So. 2d 736, 742 (Miss. 1999). Plaintiff must also prove that the emotional distress he allegedly suffered was a reasonably foreseeable result of the defendant's conduct. *Id*. This court previously found that Gunn could not establish his claim since his alleged source of emotional distress was his wrongful arrest, which did not occur. Specifically, the court stated that "Defendants could have reasonably foreseen that a warrant would be issued based on the information given to a judge, but certainly not that a wrongful arrest might later take place." However, the fingerprint identification provided to the judge was performed by Defendant Serio. Serio stated that he pulled prints of Timothy Gunn, presumably from a database, and compared them to the latent prints. One of the prints was that of Timothy Gunn. Serio later sent this information to the crime lab. Thus, the identification provided to obtain the warrant is the same identification that is shown to be false in comparing the reports.

6

Again, Defendants do not provide an explanation for the inaccurate report. It is at least possible that the false identification could have resulted out of malice. Gunn has alleged enough facts for his claim of intentional infliction of emotional distress to proceed at this time.

Plaintiff's motion **[27]** is **GRANTED**, and this case shall be reopened.

This the 29th day of July, 2011.

      **/s/ MICHAEL P. MILLS**
      **CHIEF JUDGE**
      **UNITED STATES DISTRICT COURT**
      **NORTHERN DISTRICT OF MISSISSIPPI**