IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

TIMOTHY GUNN                                                                      PLAINTIFF

V.                                                                      CASE NO. 2:09-CV-114

CITY OF CLEVELAND, ET AL.                                              DEFENDANTS

## MEMORANDUM OPINION

Defendants renew their motion for summary judgment, arguing that the plaintiff submitted incomplete information to the court so that this previously closed civil rights case would be reopened. Defendants assert that probable cause existed for arresting the plaintiff and as such, his claims for malicious prosecution, false arrest, constitutional violations, and civil conspiracy cannot pass summary judgment. Defendants contend that had the plaintiff supplied a complete report, the court would have upheld its prior order granting summary judgment. Upon due consideration of the motion, responsive briefs, and evidence in the record, the court finds that summary judgment should be granted in favor of the defendants.

This civil rights lawsuit arises from the August 22, 2008 arrest of Timothy Gunn by Cleveland City police for allegedly burglarizing Gail Riley's home in Cleveland, Mississippi. Riley claims she arrived home on August 9, 2008 to find a male burglar exiting the front door of her house and holding a trash bag filled with property. She yelled at the burglar, who dropped the bag and rode away on a bicycle. Riley then called police to report the crime.

Police Officer Greg Perkins claims he was on his way to Riley's home in response to the burglary when he saw Timothy Gunn riding a bicycle nearby the crime scene. Doc. 70-5 at 4. In addition, Officer Bryan Goza claims he saw Gunn on a bicycle earlier that day leaving from

1

behind Riley's home and carrying a trash bag over his shoulder. Doc. 70-2 at 5. Police showed Riley a picture of Gunn, but she was unable to identify him as the burglar.

In preparing the incident report, police listed the property found in the burglar's trash bag, which included jewelry, food, and household products. The list was later updated to include a bottle of Pine-All[1] cleaner; however, it is unclear when the update took place. Police lifted fingerprints from the recovered property. Officer George Serio claims he compared the fingerprints taken from the Pine-All bottle to those of Timothy Gunn and believed there was a match. Police then sent the lifted prints and Gunn's ink prints[2] to the Mississippi Crime Laboratory to confirm that the prints matched.

On August 12, 2008, a municipal court judge issued police a warrant for Gunn's arrest.[3] Gunn was later arrested and charged with the August 9, 2008 burglary. Prosecution ensued in state court. During trial, Riley testified that Gunn was not the person who burglarized her home. The jury ultimately found Gunn not guilty of the charges against him.

Following the criminal trial, Gunn filed a civil rights lawsuit in Bolivar County Circuit Court. He alleges civil conspiracy, false arrest, malicious prosecution, civil assault and battery, intentional and/ or negligent infliction of emotional distress, as well as violations of his federal

---

[1]The parties refer to the cleaner as "Pine-All," however Gail Riley identified the cleaner as "Pine-Sol" during the criminal trial when questioned by the State regarding the items police recovered from her home. Doc. 70-1 at 13. The court's reference to the bottle of "Pine-All" cleaner throughout this opinion shall also be considered as referring to the "Pine-Sol" cleaner.

[2]Gunn had a prior criminal history and his inked prints were on file with the police.

[3]On August 14, 2008, police requested the Mississippi Crime Laboratory to perform a Latent Print Examination on the fingerprint evidence. The court assumes that police relied on Officer Serio's comparison of the fingerprints when they requested the municipal judge to issue an arrest warrant on August 12, 2008.

due process and equal protection rights.  Gunn seeks damages as well as an injunction preventing the City of Cleveland and the individually named officers from engaging in future conduct amounting to malicious prosecution.  On July 7, 2009, the defendants removed the case to this court based on federal question jurisdiction.

On November 9, 2010, this court granted the defendants summary judgment, finding that Officers Galloway, Perkins, Goza, and Serio were entitled to qualified immunity; Chief Bingham was not liable in his official or individual capacities; there was no agreement to commit a false arrest; the claims for battery, assault, and negligent infliction of emotional distress were not viable because no defendant had physical contact with Gunn; and sufficient probable cause existed for Gunn's arrest, thereby dismissing the claims for malicious prosecution, false arrest, and intentional infliction of emotional distress.  The court primarily based its finding of probable cause on fingerprint evidence from the Pine-All bottle police recovered from the victim's home. Gunn moved the court to reconsider its order, asserting that probable cause was lacking because the Pine-All bottle was not listed on the August 11, 2008 incident report prepared by Cleveland police.  Learning this new information, the court reversed its prior decision on all issues, except its ruling that Chief Bingham was not liable in his official and individual capacities.  The court found summary judgment improper due to the inconclusive fingerprint evidence and reopened the plaintiff's case.

The defendants now renew their motion for summary judgment, asserting that Gunn presented an incomplete incident report to the court rather than the final official report which lists the Pine-All bottle.  The defendants maintain that the final report supports their argument that probable cause existed for arresting Gunn and therefore, the court should grant the officers

3

qualified immunity and enter summary judgment in the defendants' favor.  Since this case turns on whether Timothy Gunn was illegally arrested, the court will focus its analysis on whether the Pine-All bottle was found at the crime scene and whether the fingerprints taken from the bottle gave police probable cause to arrest the plaintiff.

Summary judgment should be granted when the evidence shows that there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see also Tebo v. Tebo,* 550 F.3d 492, 496 (5th Cir. 2008).  Once the moving party meets its burden, the nonmoving party must "come forward with specific facts showing a genuine factual issue for trial." *Harris ex rel. Harris v. Pontotoc Cnty. Sch. Dist*., 635 F.3d 685, 690 (5th Cir. 2011).  The party opposing summary judgment cannot rely on metaphysical doubt, conclusive allegations, or unsubstantiated assertions but instead must show that there is an actual controversy warranting trial. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted).

Qualified immunity shields government employees from civil liability unless their conduct violates a clearly established constitutional right.  *Jones v. Lowndes County, Mississippi,* 678 F.3d 344, 351 (5th Cir. 2012) (quoting *Mace v. City of Palestine,* 333 F.3d 621, 623 (5th Cir. 2003)).  The court conducts a two-part inquiry when resolving questions of qualified immunity. *Scott v. Harris*, 550 U.S. 372, 377 (2007) (internal citations omitted).  First, it determines whether the facts, in the light most favorable to the plaintiff, establish that the employee's conduct violated a statutory or constitutional right.  *Id*.  If so, the court then determines whether that right was clearly established in the context of the case. *Id*.

Gunn asserts that the officers falsely arrested him in violation of his due process and

4

equal protection rights. The court acknowledges that freedom from illegal arrests is a clearly established right under the Fourth and Fourteenth Amendments to the United States Constitution. "Whether [Gunn's] arrest is legal, however, hinges on the absence of probable cause." *Soreson v. Ferrie*, 134 F.3d 325, 328 (5th Cir. 2008) (citing *Baker v. McCollan,* 443 U.S. 137, 144-45, 99 S.Ct. 2689, 2694-95, 61 L.Ed. 2d 433 (1979). For there to be a constitutional rights violation, Gunn must show that the defendant officers lack probable cause to arrest him. If Gunn is unable to show that the officers lacked probable cause, he cannot establish that his constitutional rights were violated, and in turn, the defendant officers would be entitled to qualified immunity.

In the court's initial order granting summary judgment, it determined that police had probable cause to arrest Gunn based on the matching fingerprint evidence found on the Pine-All bottle. Based on Gunn's submission of the August 11, 2008 incident report, the court reversed its ruling and questioned whether probable cause existed for the plaintiff's arrest. The defendants have now provided the court with a copy of the final official incident report dated August 22, 2008, which lists "misc. cleaner" as property recovered from Riley's residence. The defendants contend that the Pine-All bottle is the "misc. cleaner" referenced in the report.

Police obtained a warrant for Gunn's arrest on August 12, 2008. The defendants have not submitted a copy of the report bearing the date on which the warrant was issued. However, the defendants explain that the date listed on the report reflects when the report was printed, not when it was updated. Gunn argues in response that the reliability of the fingerprint evidence is compromised because police sent lifted prints rather than the actual Pine-All bottle to the crime lab for testing. He also questions why officers failed to lift prints from other property in the victim's home. Gunn further asserts "the absence of documentation of the pine-all purpose

5

cleaner as the item from which the lifts were taken....is indicia of reasonable inference of probable tampering with the evidence." Doc. 72 at 12.

Regarding the plaintiff's chain of custody argument, the court acknowledges that missing documentation goes to the weight of the evidence and not its admissibility. *United States v. Doggins,* 633 F.3d 379, 383 (5th Cir. 2011). Presumably, Gunn challenged the reliability of the fingerprint evidence during the criminal trial and the jury considered it in returning its "not guilty" verdict. In this civil case, the plaintiff presents no legal authority which requires police to send the actual Pine-All bottle to the crime lab rather than the prints lifted from it. In fact, much of the plaintiff's argument opposing summary judgment consists of unsupported allegations.

Gunn spends the entirety of his response claiming that the officers racially profiled him, fabricated evidence, and gave false testimony. Yet, he presents no evidence to support these assertions. To illustrate, the plaintiff makes the following statements in his brief:

> Officer Bryan Goza falsely testified under oath at trial that Gail Riley had described the person as being bald or short hair and that Gail Riley's description was vague (IOA 13). This was patently false.
>
> *           *           *
>
> Serio wrote in his report that a statement was taken from Gail Riley in which she stated that it all happened so fast that she could not give a good description other than a B/M and a green bike. (Ex. W). This statement was false, as well as the characterization of Ms. Riley as being so distraught that she could not recall a description.

Doc. 72 at 15, 18. Although the plaintiff makes this argument, the court notes that Gail Riley testified during the criminal trial that she was unable to give police an accurate description of the burglar at the time the crime occurred. Doc. 70-1 at 13-14.

Once defendants submitted proof that no material fact issues remained warranting trial,

the burden shifted to Gunn.  Rather than responding with specific facts, Gunn relied on his bare allegations that summary judgment was not proper.  The final official incident report shows that a miscellaneous cleaner was recovered from the burglarized home.  Defendants submit that the bottle of Pine-All was the miscellaneous cleaner listed in the report.  Further, Gail Riley testified that the cleaner was recovered from her home.  Officer Serio visually compared the fingerprints lifted from the Pine-All bottle with inked prints of Timothy Gunn and believed the prints matched.  The Mississippi Crime Laboratory later confirmed that the lifted fingerprints belonged to Gunn.  The plaintiff argues that this evidence is unreliable because police did not send the actual Pine-All bottle to the crime lab.  Gunn fails to provide–and this court is unaware of–any authority requiring police to send the actual bottle rather than the prints lifted from it to the crime lab.  As the plaintiff is unable to show that the officers tampered with the fingerprint evidence, the court finds the prints reliable and therefore, officers had probable cause to arrest Gunn.

Considering that Gunn was not illegally arrested, the court finds that no constitutional violation occurred.  Officers Goza, Galloway, Perkins, and Serio are therefore immune from liability in this civil rights lawsuit.  In light of the court's finding of probable cause, the plaintiff's remaining claims must fail.  The defendants' renewed motion for summary judgment [58] is GRANTED.  Pursuant to Fed. R. Civ. P. 58, a separate order shall be entered this day.

This the 11th day of July, 2012.

**/s/ MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**